1  BRETT J. WILLIAMSON (S.B. #145235)
   SOYOUNG JUNG  (S.B. #241003)
2  O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
3  Newport Beach, CA 92660
   Tel:  (949) 823-6900
4  Fax:  (949) 823-6994
   Email:  bwilliamson@omm.com
5  Email:  sjung@omm.com

6  Attorneys for Plaintiff
   POWERWAVE TECHNOLOGIES, INC.
7
   (additional counsel listed on next page)
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SOUTHERN DIVISION**

12

13

14

15  POWERWAVE TECHNOLOGIES,        Case No. 8:11-cv-01858-DOC-RNB
    INC.,
16                                 **STIPULATED PROTECTIVE**
               Plaintiff,          **ORDER**
17
            v.
18
    MICROELECTRONICS
19  TECHNOLOGY, INC. AND MTI
    LABORATORY, INC.,
20
               Defendants.
21

22

23

24

25

26

27

28

DANIEL JOHNSON, JR. (SBN 57409)
MICHAEL J. LYONS (SBN 202284)
DION M. BREGMAN (SBN 208393)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel:  650.843.4000
Fax:  650.843.4001
Email:  mlyons@morganlewis.com
Email:  djjohnson@morganlewis.com
Email:  dbregman@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
MARIO MOORE (SBN 231644)
5 Park Plaza, Suite 1750
Irvine, CA  92614-3508
Tel:   949.399.7000
Fax:   949.399.7001
Email:  mario.moore@morganlewis.com

Attorneys for Defendants
MICROELECTRONICS TECHNOLOGY, INC. AND MTI LABORATORY, INC.

## STIPULATED PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

IT IS HEREBY STIPULATED, and subject to the Court's approval, ORDERED, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings:

1. <u>LIMITATIONS</u>

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further

acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>: for purposes of this Order, "Confidential" information shall mean all information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party considers in good faith to contain confidential, commercially sensitive and/or proprietary information not otherwise known or available to the public.  The following are examples of information that is not considered confidential: (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.  By way of non-limiting example, documents in one or more of the following categories may qualify for the "CONFIDENTIAL" designation: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c); non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

1   the relevant technology.

2        2.4    "Confidential – Attorneys' Eyes Only": for purposes of this Order,

3   information designated "Confidential – Attorneys' Eyes Only" shall constitute or

4   contain information that is extremely confidential and/or sensitive in nature and the

5   Producing Party reasonably believes that the disclosure of such information may

6   cause economic harm or competitive disadvantage to the Producing Party.  By way

7   of non-limiting example, documents in one or more of the following categories may

8   qualify for the "Confidential – Attorneys' Eyes Only" designation: (i) commercially

9   sensitive research and development, technical, testing or engineering documents;

10  (ii) commercially sensitive financial information (e.g., the number of products sold,

11  total dollar value of sales products, sales forecasts, and profit margins);

12  (iii) commercial agreements, settlement agreements or settlement communications;

13  (iv) customer lists, employee information, and other non-public information of

14  similar competitive and business sensitivity; (v) commercially sensitive business

15  and/or marketing plans, including, without limitation, trade secrets, pricing

16  information, product development information; (vi) price lists and/or pricing

17  information; (vii) information obtained from a non-party pursuant to a current non-

18  disclosure Non-Disclosure Agreement ("NDA"); and (viii) non-public

19  communications (including email) regarding topics relating to items (i)-(vii).

20       2.5    "Highly Confidential Code": extremely sensitive confidential

21  information or items that constitute or contain any electronic or computer code,

22  including, but not limited to, software, firmware, source code, object code, listing

23  files generated by compilers or assemblers, intermediate files created during the

24  build process, test programs and scripts, test results, and source code or object code

25  for associated tools (collectively "Source Code").

26       2.6    Receiving Party: a Party that receives Disclosure or Discovery

27  Material from a Producing Party.

28       2.7    Producing Party: a Party or non-party that produces Disclosure or

3

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

Discovery Materials in this action.

2.8   Designating Party:  a Party or non-party that designates Disclosure or Discovery Materials produced in this action as "Confidential," "Confidential – Attorneys' Eyes Only" or "Highly Confidential Code."

2.9   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," "Confidential – Attorneys' Eyes Only" or "Highly Confidential Code."

2.10.  Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, as well as their support staff.

2.11   Counsel (without qualifier): Outside Counsel (as well as their support staffs) and In-House Staff.

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.  "Expert" as defined in this paragraph and as used in this Order is applicable only for the purposes of disclosure of Protected Material.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  If a Receiving Party believes that items designated for protection do not qualify for the level of protection indicated, the Receiving Party shall request that the Producing Party re-designates the items in accordance with Section 6, below.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., Paragraphs 5.2(c), 5.2(d), and 5.2(f), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

(a)     Hard copy or Paper Materials (apart from transcripts of depositions or other pretrial or trial proceedings): The Producing Party must affix the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE" at the top or bottom of each page of hard copy or paper that contains Protected Material.  If the Receiving Party believes a portion of the page so designated does not contain Protected Material or should be given a lower level of protection, the Receiving Party may make a request to the Producing Party that that portion be de-designated.  The change in the level of protection may be indicated by making appropriate markings in the margins of the affected page.

(b)     Native and/or Other Electronic Materials: All Protected Material not reduced to hard copy, tangible, or physical form or that cannot be conveniently designated as set forth in Paragraph 5.2(a) shall be designated by informing the Receiving Party of the designation in writing, and/or in the load file or other similar database, table or chart accompanying said production.  To the extent the Receiving Party subsequently generates any permitted copies of this information, whether electronic or hard copy, it shall ensure that all such copies are clearly designated with the appropriate confidentiality designations.  When documents are produced in electronic form, the Producing Party shall include a confidentiality designation on the medium containing the documents.  If the medium contains documents in native electronic format, the medium shall include an electronic database record for each native format file that includes on the face of the electronic database record the applicable confidentiality designation (if any) and a document identification or Bates number for the associated document.  When a Receiving Party prints a native format file from such medium, the Receiving Party shall also print the corresponding electronic database record and attach it to the native format file so that the native file's confidentiality designation will be readily apparent to one viewing the file.  In the event that a Receiving Party prints a native format file from

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

a medium that has been marked with a confidentiality designation, but the native file is not accompanied by an electronic database record or the electronic database record could not be printed, the Receiving Party shall mark each page of such native file with a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation until the native file's electronic database record may be located or printed.

        (c)    Documents Made Available for Inspection: Any tangible objects, documents or electronically stored information (excluding Source Code) made available to Counsel for the Receiving Party for initial inspection prior to the production of selected items shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information and shall be subject to this Protective Order.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE") at the top or bottom of each page that contains Protected Material.  If the Receiving Party believes a portion of the page so designated does not contain Protected Material or should be given a lower level of protection, the Receiving Party may make a request to the Producing Party that that portion be de-designated.  The change in the level of protection may be indicated by making appropriate markings in the margins of the affected page.

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

(d)     Physical Exhibits:  The confidential status of a physical exhibit shall be indicated by placing a label on it with the appropriate confidentiality notice as described in Paragraph 5.2(a).

(e)     Written Discovery: In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in Paragraph 5.2(a) shall be placed on each answer or response that contains Protected Material.

(f)     Testimony given in deposition: A Party or non-party seeking to designate testimony under this Order may so identify on the record, before the close of the deposition, any portions of the testimony that the Party or non-party intends to designate as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE."  A Party or non-party seeking to designate testimony under this Order may also up to 30 days following receipt of the transcript from the court reporter, identify, in writing, the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted ("CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE").  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE" as instructed by the Party or non-party making the designation.

(g)     Information or items produced by other Parties or non-parties (e.g., documents obtained by third-party subpoenas): If a Party wishes to designate under this Order, the Party must, shortly after receiving such information or items, notify all other Parties in writing of the designation, describing the information or

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

items at issue (e.g., by Bates number) and the level of protection claimed with respect to such information or items; all other Parties shall then apply the appropriate legend to the information or items in accordance with the preceding paragraphs, depending on the type of information or item.

5.3    Inadvertent Failures to Designate.  A Designating Party that inadvertently fails to mark information or items as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE" at the time of production shall be allowed to correct such failure at any time.  In that event, the Designating Party shall provide notice in writing to all Receiving Parties, accompanied, as necessary, by appropriately marked substitute copies of such information or items.  Upon receipt of such notice, a Receiving Party will take appropriate steps to assure that the previously unmarked information or items are treated as Protected Material in accordance with the provisions of this Order, including retrieving and returning or securely destroying, at the Producing Party's option, all previously unmarked or mismarked copies of the information or items.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue) with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give

the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under  Local Rules 37-1 and 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).  Nothing in this Order restricts how a Party may use or to whom a Party may disclose its own Disclosure or Discovery Material, including its own

10

1   Protected Material.

2          Protected Material must be stored and maintained by a Receiving Party at a

3   location and in a secure manner that ensures that access is limited to the persons

4   authorized under this Order.

5          7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

6   otherwise ordered by the Court or permitted in writing by the Designating Party,

7   any information or item designated "CONFIDENTIAL" and information contained

8   therein shall be available only to:

9          (a)  the Receiving Party's Outside Counsel of record in this action, as

10  well as employees and vendors of said Counsel to whom it is reasonably necessary

11  to disclose the information for this litigation, and four of the Receiving Party's

12  Outside Counsel attorneys in Taiwan who have signed the "Acknowledgement and

13  Agreement to Be Bound" (Exhibit A);

14         (b) Experts of the Receiving Party (1) to whom disclosure is

15  reasonably necessary for this litigation, (2) who have signed the

16  "Acknowledgement and Agreement to Be Bound" (Exhibit A), (3) who are

17  independent outside witnesses or consultants (i.e., not employees of a party or of a

18  competitor of a party, and who at the time of retention are not anticipated to

19  become employees of a party or a competitor of a party) and (4) as to whom the

20  procedures set forth in Paragraph 7.5, below, have been followed;

21         (c)  the Court and its personnel;

22         (d) independent legal translators retained to translate in connection

23  with this action, court reporters, videographers, their staffs, and persons or entities

24  that provide litigation support services such as photocopying, preparing exhibits or

25  demonstrations, organizing, storing, retrieving data in any form or medium;

26  provided that all such vendors agree to maintain the confidentiality of documents

27  pursuant to this Protective Order;

28         (e) during their depositions, witnesses in the action to whom disclosure

11

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).  However, the Producing Party may object to the disclosure of Protected Material based on a good faith concern about potential harm resulting from such disclosure to any witness under this Paragraph 7.2(e) at any time leading up to and during the deposition, provided that the witness is not a current employee of the Producing Party and is not otherwise permitted to receive the Protected Material under this Order.  If the Producing Party so objects, the Protected Material shall not be disclosed to the witness, unless and until the Producing Party consents to disclosure or pursuant to a court order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter pursuant to Paragraph 5.2(b), above, and may not be disclosed to anyone except as permitted under this Order;

(f)  the author of the document or the original source of the information or any actual or intended recipients of the document;

(g)  witnesses (whether at deposition or trial) if it can be established that the witness has seen the material before or otherwise knows the material;

(h)  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) two employees of  a party or a party's parent company, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.3   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and information contained therein shall be available only to the persons or entities listed in paragraphs 7.2(a) through (h), subject to any terms set forth or incorporated therein and not any person or entity listed in paragraph

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

1    7.2(a)(i).

2          7.4   <u>Disclosure of "HIGHLY CONFIDENTIAL CODE."</u>  Unless otherwise

3  ordered by the Court or permitted in writing by the Designating Party, a Receiving

4  Party may disclose any information or item designated "HIGHLY

5  CONFIDENTIAL CODE" only to:

6          (a)  the Receiving Party's Outside Counsel of record in this action, as

7  well as employees of said Counsel to whom it is reasonably necessary to disclose

8  the information for this litigation;

9          (b)  Experts (1) to whom disclosure is reasonably necessary for this

10  litigation, (2) who have signed the "Acknowledgement and Agreement to Be

11  Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5,

12  below, have been followed;

13          (c)  the Court and its personnel;

14          (d)  court reporters, their staffs,

15          (e)  and Professional Vendors to whom disclosure is reasonably

16  necessary for this litigation and who have signed the "Acknowledgement and

17  Agreement to Be Bound" (Exhibit A);

18          (f)  during their depositions, witnesses in the action to whom

19  disclosure is reasonably necessary and who have signed the "Acknowledgement

20  and Agreement to Be Bound" (Exhibit A).  However, the Producing Party may

21  object to the disclosure of Protected Material based on a good faith concern about

22  potential harm resulting from such disclosure to any witness under this Paragraph

23  7.3(f) at any time leading up to and during the deposition, provided that the witness

24  is not a current employee of the Producing Party and is not otherwise permitted to

25  receive the Protected Material under this Order.  If the Producing Party so objects,

26  the Protected Material shall not be disclosed to the witness, unless and until the

27  Producing Party consents to disclosure or pursuant to a court order.  Pages of

28  transcribed deposition testimony or exhibits to depositions that reveal Protected

1    Material must be separately bound by the court reporter pursuant to Paragraph

2    5.2(b), above, and may not be disclosed to anyone except as permitted under this

3    Order;

4           (g) the author of the code or the original source of the information or

5    any actual or intended recipients of the code; and

6           (h) witnesses (whether at deposition or trial) if it can be established

7    that the witness has seen the material before or otherwise knows the material.

8           7.5    <u>Procedures for Approving Disclosure of "CONFIDENTIAL,"</u>

9    <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY</u>

10   <u>CONFIDENTIAL CODE" Information or Items to Experts</u>.

11          (a)  Unless otherwise ordered by the Court or agreed in writing by the

12   Designating Party, a Receiving Party that seeks to disclose to an Expert any

13   information or items that have been designated "CONFIDENTIAL,"

14   "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

15   CONFIDENTIAL CODE" first must make a written request to the Designating

16   Party that (1) identifies the specific categories, *i.e.*, "CONFIDENTIAL,"

17   "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

18   CONFIDENTIAL CODE," of designated information or items that the Receiving

19   Party seeks permission to disclose to the Expert, (2) sets forth the full name of the

20   Expert and the city and state of his or her primary residence, (3) attaches a copy of

21   the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

22   identifies each person or entity from whom the Expert has received compensation

23   for work in his or her areas of expertise or to whom the expert has provided

24   professional services at any time during the preceding five years, and (6) identifies

25   (by name and number of the case, filing date, and location of court) any litigation in

26   connection with which the Expert has provided any professional services during the

27   preceding five years.

28          (b)  A Party that makes a request and provides the information

14

specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within five court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in  Local Rules 37-1 and 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.6.   Procedures for Production and Review of Source Code.  In addition to any other requirements set out in this Order, the following shall govern the production and review of any Source Code in this matter.  A Receiving Party's access to a Producing Party's Source Code shall be limited to those individuals with access under this Order to material designated "HIGHLY CONFIDENTIAL CODE."  Unless otherwise ordered by the Court or agreed to in writing by the Parties, any Source Code will be subject to the following provisions:

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

(a)     Plaintiff's Source Code, produced in electronic format, shall be made available for inspection at the offices of O'Melveny & Myers LLP, 610 Newport Center Drive, 17th Floor, Newport Beach, CA 92660.

(b)     Defendant's Source Code, produced in electronic format, shall be made available for inspection at the offices of Morgan, Lewis & Bockius LLP, 5 Park Plaza, Suite 1750, Irvine, CA 92614-3508.

(c)     The Producing Party shall make any Source Code available on a commercially reasonable basis, and shall provide any tools reasonably necessary to review the Source Code.  The Producing Party may enforce reasonable restrictions on the review of Source Code in electronic format, including making Source Code available on a non-networked computer and prohibiting the use of input/output devices such as USB memory sticks.

(d)     The Producing Party shall provide for secure printing of paper copies of specific portions of its Source Code requested by the Receiving Party.  The Receiving Party shall not request an unnecessarily large portion of the Source Code to be printed.  Any paper copies of the Source Code so printed shall be designated as "HIGHLY CONFIDENTIAL CODE" and treated accordingly.

(e)     Any paper copies of the Source Code retained by the Receiving Party must be kept in a secured container at all times.  Any paper copies of Source Code may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings.

(f)     Notwithstanding any other provision herein, Source Code produced in this action and designated "HIGHLY CONFIDENTIAL CODE" shall not leave the United States of America.

8.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual who

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

receives access to "CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE" information shall not be involved in the prosecution of patents or patent applications relating to the accused technology of through-hole plating in multi-layer printed circuit boards used in power amplifiers, including any patent or application claiming priority to or otherwise related to U.S. Patent 6,818,477, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a challenge to U.S. Patent 6,818,477 (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).  This Prosecution Bar shall begin when access to "CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE" information is first received by the affected individual and shall end one (1) year after final termination of this action.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE," the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than fourteen (14) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition,

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

1    the Receiving Party must deliver a copy of this Order promptly to the party in the

2    other action that caused the subpoena or order to issue.

3         The purpose of imposing these duties is to alert the interested parties to the

4    existence of this Order and to afford the Designating Party in this case an

5    opportunity to try to protect its confidentiality interests in the court from which the

6    subpoena or order issued.  The Designating Party shall bear the burdens and the

7    expenses of seeking protection in that court of its confidential material – and

8    nothing in these provisions should be construed as authorizing or encouraging a

9    Receiving Party in this action to disobey a lawful  subpoena issued in another

10   action or a lawful order issued by another court or administrative agency.

11   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13   Protected Material to any person or in any circumstance not authorized under this

14   Order, the Receiving Party must immediately (a) notify in writing the Designating

15   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of

16   the Protected Material, (c) inform the person or persons to whom unauthorized

17   disclosures were made of all the terms of this Order, and (d) request such person or

18   persons to execute the "Acknowledgment and Agreement to Be Bound" that is

19   attached hereto as Exhibit A.  Unauthorized or inadvertent disclosure does not

20   change the status of Protected Material or waive the right to hold the disclosed

21   document or information as Protected Material.

22   11.   FILING PROTECTED MATERIAL

23        In accordance with Local Rule 79-5.1, if any papers to be  filed with the

24   Court contain information and/or documents that have been designated as

25   "Confidential" or "Confidential - Attorneys' Eyes Only" or "Highly Confidential

26   Code," the proposed filing shall be accompanied by an application to file the papers

27   or the portion thereof containing the designated information or documents (if such

28   portion is segregable) under seal; and the application shall be directed to the judge

18

to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

12.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must securely destroy all Protected Material or return all Protected Material to the Producing Party, at the Producing Party's option.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that all the Protected Material was securely returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material other than "HIGHLY CONFIDENTIAL CODE."  In no event may a Receiving Party retain copies of any documents which contain any Source Code or any information or items designated as "HIGHLY CONFIDENTIAL CODE." Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13.     MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek a modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Order. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

13.3   <u>Inadvertent Production of Privileged Information</u>.  If material subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  Pursuant to Federal Rule of Civil Procedure 26(b)(5), the Party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or securely destroy, at the Producing Party's option, the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim.  The Producing Party must preserve the information until the claim is resolved.  The Parties agree that employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under FRE 502(b)(2).

13.4   <u>Federal Rule of Evidence 502(d) and (e)</u>.  The production of any discovery material by any party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the Producing Party that such discovery material is privileged or attorney-work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding.

13.5   <u>Transmission and Communication of Protected Material</u>.  Nothing in

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

this Order shall prohibit the transmission or communication of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information or items, or printed copies of HIGHLY CONFIDENTIAL CODE, between or among qualified recipients:

(a)     by e-mail, if the material is CONFIDENTIAL , but <u>not</u> if the material is CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE;

(b)     by hand-delivery;

(c)     in sealed envelopes or containers via certified mail, return receipt requested, or an established freight, delivery or messenger service; or

(d)     by telephone, telegraph, facsimile or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

13.6   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of this action.  The Court shall retain jurisdiction after Final Disposition of this action to hear and resolve any disputes arising out of this Protective Order.

13.7   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

APPROVED AS TO FORM AND CONTENT:

Dated:     August 1, 2012               MORGAN, LEWIS & BOCKIUS LLP


                                        By     /s/ Mario Moore
                                           MARIO MOORE
                                           Attorney for Defendants
                                           Microelectronics Technology, Inc.
                                           and MTI Laboratory, Inc.


Dated:     August 1, 2012               O'MELVENY & MYERS LLP


                                        By     /s/ Soyoung Jung
                                           Soyoung Jung
                                           Attorney for Plaintiff
                                           Powerwave Technologies, Inc.


Filer's Attestation:  I certify that the content of the document is acceptable to all persons required to sign the document by obtaining authorization for the electronic signatures of all parties on the document.

Dated:     August 1, 2012               O'MELVENY & MYERS LLP


                                        By     /s/ Soyoung Jung
                                           Soyoung Jung
                                           Attorney for Plaintiff
                                           Powerwave Technologies, Inc.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central District of

California on _____ in the case of *Powerwave Technologies, Inc. v.*

*Microelectronics Technology, Inc., et al.*, C.D. Cal. Case No. 08:11-cv-01858 DOC.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB

1

2 <u>**STIPULATED PROTECTIVE ORDER [PROPOSED]**</u>

3      The terms and conditions set forth in this Stipulation and Request for Entry of a Protective

4 Order are hereby SO ORDERED this 3rd day of August, 2012.

5

6                               Hon. Robert N. Block

7                               United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 08:11-CV-01858-DOC-RNB